IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| LANSDOWNE CONSTRUCTION LLC, | ) | Case No. 18-11754-KHK |
| | ) | |
| Debtor. | ) | |

**MOTION TO ESTABLISH PROCEDURES GOVERNING
AVOIDANCE ACTION ADVERSARY PROCEEDINGS**

COMES NOW, H. Jason Gold, chapter 7 trustee ("Trustee"), by his undersigned counsel and moves[1] this Court for the entry of an order establishing certain procedures governing the avoidance actions that the Trustee anticipates filing over then next several months, stating to the court as follows:

**BACKGROUND**

1.  On May 15, 2018 (the "Petition Date"), the above-captioned debtor, Lansdowne Construction LLC ("Debtor"), filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Bankruptcy Code.

2.  H. Jason Gold was subsequently appointed chapter 7 trustee.

3.  The Debtor's Statements of Financial Affairs ("SOFA") disclose more than $6,000,000 in aggregate transfers to creditors in the ninety days prior to the Petition Date. Additional transfers not disclosed on the SOFA may exist.

4.  The Trustee intends to make demand upon the recipients of pre-petition transfers in an effort to attempt to resolve such demands prior to commencing litigation.

---

[1] In accordance with Local Rule 9013-1(G)(1), the Trustee is combining his memorandum of points and authorities with this Motion.

H. Jason Gold, Va. Bar No. 19117
Dylan G. Trache, Va. Bar No. 45939
NELSON MULLINS RILEY & SCARBOROUGH LLP
101 Constitution Avenue, NW, Suite 900
Washington, DC 20001
(202) 689-2800
Counsel to the Chapter 7 Trustee
~#4843-3716-3884~

5.      Notwithstanding these efforts, the Trustee believes that it will be necessary to file complaints in the coming months seeking recovery of transfers which the Trustee believes to be avoidable under §§ 544 – 550 of the Bankruptcy Code ("Avoidance Actions").

## JURISDICTION

6.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), as are the adversary proceedings which the Trustee anticipates commencing.

## RELIEF REQUESTED

7.      The Trustee requests that the Court establish the procedures ("Procedures") attached hereto as <u>Exhibit A</u> to facilitate the administration and resolution of the Avoidance Actions.

## APPLICABLE AUTHORITY

8.      Section 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). In addition, Federal Rule of Civil Procedure 16, applicable to the anticipated avoidance actions through Federal Rule of Bankruptcy Procedure 7016 provides the Court with ample discretion to establish pre-trial procedures and to facilitate the expeditious disposition of cases. *See* Fed. R. Civ. P. 16.

9.      Bankruptcy Rule 9019(a) generally requires approval of settlements upon a motion, providing 21 days notice to creditors. However, Bankruptcy Rule 9019(b) authorizes the Court to alter these requirements and establish streamlined settlement procedures in appropriate cases.

~#4843-3716-3884~

10. Establishment of the proposed procedures will aid the Trustee in his efforts to reduce expenses, will benefit all parties by reducing the amount of filings required to obtain certain relief, and facilitate judicial economy by eliminating the need for some hearings and reducing the number of hearings required in these cases.

11. Further, because the Trustee anticipates attempting to resolve matters without the filing of a complaint, he also requests that the settlement provisions of the Procedures apply in cases where demand has been made, but no complaint is filed.

12. The Trustee further believes that the proposed procedures are in fact procedural in nature and will not impact the substantive rights of any party.

13. Similar relief has been granted in cases in this district where large numbers of avoidance actions are contemplated. *See In re Circuit City Stores, Inc., et al.*, Case No. 08-35653-KRH (Bankr. E.D. Va. November 4, 2010)(Docket No. 8898); *In re Vijay K. Taneja, et al.*, Case No. 08-13293-RGM (Bankr. E.D. Va. October 1, 2010)(Docket No. 1831); *In re James River Coal Company, et al.*, Case No. 14-31848-KRH (Bankr. E.D. Va. February 2, 2015)(Docket No. 871) and *In re The Truland Group, Inc., et al.*, Case No. 14-12766-BFK (Bankr. E.D. Va. September 23, 2015)(Docket No. 780).

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that the Court enter an Order: (i) approving the Procedures; (ii) making the Procedures applicable in all Avoidance Actions, including, with respect to the settlement provisions, Avoidance Actions where no complaint is filed; and (iii) for such further relief as is just and proper.

        Respectfully submitted,

        H. JASON GOLD, TRUSTEE

        By Counsel

NELSON MULLINS RILEY & SCARBOROUGH LLP
101 Constitution Avenue, NW, Suite 900
Washington, DC 20001
Telephone: (202) 689-2800
Facsimile: (202) 689-2860

By:   /s/ Dylan G. Trache
       H. Jason Gold, Va. Bar No. 19117
       Dylan G. Trache, Va. Bar No. 45939

*Counsel to the Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of July 2018, a copy of the foregoing Motion was delivered by electronic mail to the parties on the limited service list.[2]

        /s/ Dylan G. Trache
        Dylan G. Trache

---

[2] Pursuant to Local Rule 5005-1(C)(8), the attached service list is not to be served on each of the parties, but is attached to the original Certificate of Service filed with the Court.

~#4843-3716-3884~