# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF VIRGINIA
# Alexandria Division

| | |
|---|---|
| In re: ) | |
| ) | Bankruptcy Case |
| LANSDOWNE CONSTRUCTION LLC, ) | No. 18-11754-KHK |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | |
| ) | |
| H. JASON GOLD, IN HIS CAPACITY AS ) | |
| TRUSTEE FOR LANSDOWNE ) | |
| CONSTRUCTION LLC, ) | |
| ) | |
| 101 Constitution Avenue, NW, Suite 900 ) | |
| Washington, DC 20001 ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adversary Proceeding No. _____ |
| ) | |
| COMPLETE COMMISSIONING, INC., ) | |
| ) | |
| SERVE: ) | |
| ) | |
| James A. Huber, President ) | |
| 185 Harry S. Truman Pkwy., Suite 104 ) | |
| Annapolis, MD 21401 ) | |
| ) | |
| and ) | |
| ) | |
| HAVATECH, INC., ) | |
| ) | |
| SERVE: ) | |
| ) | |
| Hossein Barekatain, President ) | |
| 14210 Sullyfield Circle, Suite F ) | |
| Chantilly, VA 20151 ) | |
| ) | |
| Defendants. ) | |

Valerie P. Morrison, Va. Bar No. 24565
Dylan G. Trache, Va. Bar No. 45939
NELSON MULLINS RILEY & SCARBOROUGH LLP
101 Constitution Avenue, NW, Suite 900
Washington, DC 20001
(202) 689-2800
Counsel to the Chapter 7 Trustee

~#4838-3391-7576~

## COMPLAINT TO AVOID TRANSFERS, RECOVER PROPERTY AND FOR RELATED RELIEF

COMES NOW H. Jason Gold, in his capacity as trustee ("Trustee" or "Plaintiff") for Lansdowne Construction LLC ("Debtor"), by and through his undersigned counsel, and files this Complaint to Avoid Transfers, Recover Property and for Related Relief pursuant to 11 U.S.C. §§ 502, 547, 548, 550 and 551 ("Complaint") against Complete Commissioning, Inc. ("Complete Commissioning") and HavaTech, Inc. ("HavaTech" and together with Complete Commissioning, "Defendants"), stating to the Court as follows:

### BACKGROUND AND JURISDICTION

1. On information and belief, the Defendant provided goods and/or services to the Debtor at varying times prior to May 15, 2018 ("Petition Date").

2. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1334 and 157.

3. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (F) and (O).

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

5. On May 15, 2018, the Debtor filed a voluntary petition for relief under chapter 7 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Virginia, Alexandria Division (the "Court") commencing its chapter 7 case (the "Bankruptcy Case"). The Trustee was subsequently appointed chapter 7 trustee in the Bankruptcy Case.

6. Prior to the Petition Date, the Debtor operated a construction business. In conducting its business operations, the Debtor regularly purchased, sold, received, and/or delivered equipment, goods and services.

7.  During the ninety (90) days before the Petition Date, (the "Preference Period"), the Debtor continued to engage in business and regularly made payments and other transfers of property to suppliers and other parties, including the Defendants.

8.  Prior to the Petition Date, the Debtor and the Defendants engaged in one or more business transactions evidenced by contracts, invoices, communications and/or other documents (collectively, the "Agreements").

9.  In bringing this Complaint, Plaintiff has conducted an analysis of certain business records and information of the Debtor. During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendants during the Preference Period or that are otherwise avoidable. It is Plaintiff's intention to avoid and recover all transfers made by the Debtor of an interest of the Debtor in property to or for the benefit of the Defendants.

10. To the extent that the Debtor's records do not accurately identify all transfers made by the Debtor of an interest in the Debtor's property, including but not limited to any transfers that cleared or otherwise were made post-petition, Plaintiff reserves the right to amend this Complaint to include: (i) further information regarding the Pre-Petition Transfers (defined below), (ii) additional transfers, (iii) modifications of and/or revision of the Defendants' name or identity, (iv) additional defendants, and/or (v) additional causes of action (collectively, the "Amendments"), that may become known to Plaintiff at any time during the pendency of this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this Complaint.

~#4838-3391-7576~

## **COUNT I – PREFERENTIAL TRANSFERS UNDER 11 U.S.C. § 547**

11. Plaintiff repeats and realleges the allegations in the above paragraphs, inclusive, as though fully set forth herein.

12. During the Preference Period, the Debtor made one or more transfers to or for the benefit of the Defendant(s) (each a "Pre-Petition Transfer"), including those set forth on the chart annexed hereto as Exhibit A, which is incorporated herein by reference.

13. Specifically, as set forth on Exhibit A, the Debtor made one Pre-Petition Transfer in the amount of $44,176.00 to HavaTech (the "HavaTech Pre-Petition Transfer") and one Pre-Petition Transfer by joint check payable to Complete Commissioning and HavaTech in the amount of $15,080.00 (the "Joint Check Pre-Petition Transfer" and collectively with the HavaTech Pre-Petition Transfers and any other Pre-Petition Transfers, the "Pre-Petition Transfers").

14. The Pre-Petition Transfers were transfers of an interest in property of the Debtor.

15. The Pre-Petition Transfers were each made on account of an antecedent debt owed by the Debtor to the Defendants before each of the Pre-Petition Transfers was made.

16. At the time each of the Pre-Petition Transfers was made, one or both of the Defendants were creditors of the Debtor.

17. The Debtor was insolvent when each of the Pre-Petition Transfers was made. The Plaintiff is entitled to the presumption of insolvency for each of the Pre-Petition Transfers pursuant to 11 U.S.C. § 547(f). Further, as evidenced by the Debtor's Schedules as well as the proofs of claim filed against the Debtor, the Debtor's liabilities exceed its assets. It is anticipated that creditors will receive less than full value on account of their allowed claims against the Debtor.

18. The Joint Check Pre-Petition Transfer enabled the Defendants to receive more than the Defendants would have received if: (a) the Bankruptcy Case was a case under chapter 7 of the Bankruptcy Code; (b) the Joint Check Pre-Petition Transfer had not been made; and (c) the Defendants received payment on their claim to the extent provided by the provisions of the Bankruptcy Code.

19. The HavaTech Pre-Petition Transfer enabled HavaTech to receive more than HavaTech would have received if (a) the Bankruptcy Case was a case under chapter 7 of the Bankruptcy Code; (b) the HavaTech Pre-Petition Transfer had not been made; and (c) the Defendant received payment on its claim to the extent provided by the provisions of the Bankruptcy Code.

20. The Pre-Petition Transfers are avoidable preferences pursuant to 11 U.S.C. § 547(b).

21. Despite due demand, the Defendants have failed and refused to remit the amount of the Pre-Petition Transfers to the Plaintiff.

22. Plaintiff is entitled to an order and judgment under 11 U.S.C. § 547 that each of the Pre-Petition Transfers is avoided.

### COUNT II - TO AVOID FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 548 and 544(b)

23. The Plaintiff repeats and realleges each and every allegation contained in the above paragraphs, inclusive, as though fully set forth herein.

24. The Pre-Petition Transfers were made within two (2) years prior to the Petition Date.

25. The Pre-Petition Transfers were made to, or for the benefit of, the Defendants.

~#4838-3391-7576~

26. Subject to proof, Plaintiff pleads, in the alternative, that to the extent one or more of the Pre-Petition Transfers was not on account of an antecedent debt, the Debtor did not receive reasonably equivalent value in exchange for the Pre-Petition Transfers, because the value of the services and/or goods the Debtor received was less than the value of the Pre-Petition Transfers and the Debtor was: (i) insolvent on the dates of the Pre-Petition Transfers or became insolvent as a result of the Pre-Petition Transfers; and/or (ii) engaged in business or a transaction for which any property remaining with the Debtor was an unreasonably small capital at the time of, or as a result of, the Pre-Petition Transfers; and/or (iii) the Debtor intended to incur, or believed that it would incur, debts that would be beyond that Debtor's ability to pay as such debts.

27. By reason of the foregoing, the Pre-Petition Transfers should be avoided and set aside as fraudulent transfers.

## **COUNT III – RECOVERY OF PROPERTY UNDER 11 U.S.C. § 550**

28. Plaintiff repeats and realleges the allegations in the above paragraphs, inclusive, as though fully set forth herein.

29. As alleged above, Plaintiff is entitled to avoid the Pre-Petition Transfers under 11 U.S.C. §§ 547 and/or 548, respectively.

30. Defendant HavaTech is the initial transferee of the HavaTech Pre-Petition Transfer or the entity for whose benefit the HavaTech Pre-Petition Transfer was made, or an immediate or mediate transferee of such initial transferee of the HavaTech Pre-Petition Transfer.

31. One or both of the Defendants are the initial transferee of the Joint Check Pre-Petition Transfer or the entity for whose benefit the Joint Check Pre-Petition Transfer was made, or an immediate or mediate transferee of such initial transferee of the Joint Check Pre-Petition Transfer.

~#4838-3391-7576~

32. The Plaintiff is entitled to recover for the estate the proceeds or value of the Pre-Petition Transfers under 11 U.S.C. § 550.

33. Plaintiff is entitled to an order and judgment under 11 U.S.C. § 550 that the proceeds or value of each of the Pre-Petition Transfers is recovered for the benefit of the estate.

### COUNT IV - TO PRESERVE PROPERTY PURSUANT TO 11 U.S.C. § 551

34. The Plaintiff repeats and realleges each and every allegation contained in the above paragraphs, inclusive, as though fully set forth herein.

35. The Pre-Petition Transfers are property of the estate of the Debtor.

36. Each of the Pre-Petition Transfers, or the value thereof, should be preserved for the benefit of the Debtor's estate pursuant to § 551 of the Bankruptcy Code.

### COUNT V – DISALLOWANCE OF CLAIMS UNDER 11 U.S.C. § 502(D)

37. Plaintiff repeats and realleges the allegations in the above paragraphs, inclusive, as though fully set forth herein.

38. Defendant HavaTech is the transferee of the HavaTech Pre-Petition Transfer.

39. Defendants are the transferees of the Joint Check Pre-Petition Transfer.

40. The Pre-Petition Transfers are recoverable by the Plaintiff under 11 U.S.C. § 550.

41. Pursuant to 11 U.S.C. § 502(d), if Defendants are liable for any of the Pre-Petition Transfers under 11 U.S.C. § 547 or §548, then any claims held by the Defendants against the Debtor's estate must be disallowed unless and until the Defendants pay the amount of the Pre-Petition Transfers to the Plaintiff.

42. Defendants have not returned or paid the value of the Pre-Petition Transfers to the Plaintiff.

43. Plaintiff is entitled to an order and judgment under 11 U.S.C. § 502(d) that all of Defendants' claims against the Debtor's estate are disallowed.

WHEREFORE, the Plaintiff prays for judgment for Plaintiff and against the Defendants:

1. Against HavaTech in the amount of the Pre-Petition Transfers, together with costs of suit incurred herein, including, without limitation, attorneys' fees; and pre- and post-judgment interest on the judgment amount to the fullest extent allowed by applicable law;

2. Against Complete Commissioning in the amount of the Joint Check Pre-Petition Transfer, together with costs of suit incurred herein, including, without limitation, attorneys' fees; and pre- and post-judgment interest on the judgment amount to the fullest extent allowed by applicable law;

3. Determining that each of the Pre-Petition Transfers is avoidable as a preferential transfer under Section 547 of the Bankruptcy Code, or alternatively, that each of the Pre-Petition Transfers is avoidable under Section 548 of the Bankruptcy Code, and that Plaintiff is entitled to recover each of the Pre-Petition Transfers under Section 550 of the Bankruptcy Code (plus such additional transfer amounts that Plaintiff learns, through discovery or otherwise, were made by the Debtor to the Defendants during the ninety-day period preceding the Petition Date or are otherwise avoidable);

4. Disallowing any and all of Defendants' claims against the Debtor's estate under Section 502(d) of the Bankruptcy Code, unless and until the amount of any judgment for avoidance and recovery of the Pre-Petition Transfers is paid by Defendants to Plaintiff, on behalf of the Debtor's estate;

5. Preserving each of the Pre-Petition Transfers for the benefit of the estate; and

6. For such other and further relief as the Court may deem just and proper.

Dated: May 24, 2019

                                              Respectfully submitted,

                                              H. JASON GOLD, TRUSTEE

                                              By Counsel


NELSON MULLINS RILEY & SCARBOROUGH LLP
101 Constitution Avenue, NW, Suite 900
Washington, DC 20001
Telephone: (202) 689-2800
Email:  val.morrison@nelsonmullins.com
       dylan.trache@nelsonmullins.com


By:    /s/ Dylan G. Trache
      Valerie P. Morrison, Va. Bar No. 24565
      Dylan G. Trache, Va. Bar No. 45939

*Counsel to the Chapter 7 Trustee*